# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>YOSVANY RUZ LOPEZ,<br><br>    Defendant. | Case No. 2:03-CR-00512-KJD-RJJ<br>          2:15-CV-2508-KJD<br><br>**ORDER** |

Presently before the Court is Defendant's Motion for Appointment of Counsel (#37), Request for an Evidentiary Hearing (#38), Motion for Leave to Proceed *In Forma Pauperis* (#39), and Motion to Vacate under 28 U.S.C. § 2255 (#40).

The Court has previously rejected all of Defendant's arguments. See Order, Docket No. 32. Defendant merely reiterates his previous arguments. An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Brown v. United States,* 623 F.2d 54, 61 (9th Cir.1980).

Here, the Court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. The issues raised in Defendant's underlying § 2255 motion are not complex and Defendant has made no showing as to why denial of counsel would amount to a denial of due process. Therefore, the Court finds that Defendant is not entitled to counsel.

Further, an evidentiary hearing is not warranted. The Court may dismiss a § 2255 motion without conducting an evidentiary hearing when the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  See 28 U.S.C. § 2255. Any claim for relief has been forfeited by Defendant's failure to raise the claim on direct appeal. Non-constitutional and non-jurisdictional claims that could have been raised on appeal, but were not, may not be asserted in a § 2255 motion.  See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

To the extent that Defendant raises a constitutional claim it is barred by Defendant's failure to raise his claim within one year from the date on which the judgment of conviction became final.  See 28 U.S.C. § 2255(f)(1).  Here, Defendant's judgment of conviction became final on or about January 7, 2005.

Furthermore, even if the Court were to consider Defendant's untimely and consecutive § 2255 motion, it is without merit. Essentially, Defendant seeks to have his federal sentence run concurrently with his state court sentence, or vice versa, depending on which argument he makes at the moment.  Plaintiff was in the custody of the State of Nevada, in other words, Nevada had primary jurisdiction of defendant when he was transferred to federal court on a *writ of habeas corpus ad prosequendum* on or about June 9, 2004. See Docket Entry, 2:03-CR-00512-KJD-RJJ, June 9, 2004. After imposition of sentence upon Defendant, custodianship of Defendant was returned to the State of Nevada where Defendant pled guilty one count of Second Degree Murder on or about October 7, 2004.

Production of a defendant via a federal *writ of habeas corpus ad prosequendum* does not shift primary jurisdiction to federal authorities. See Del Guzzi v United States, 980 F.2d 1269 (9th Cir. 1992). A federal sentence does not begin to run when a federal defendant is produced for prosecution

by a federal *writ of habeas corpus ad prosequendum* from state custody. See Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991). The state authorities retain primary jurisdiction over the prisoner and federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. See Del Guzzi, 980 F.2d at 1270-71. The state sentencing court can order its sentence to run concurrently with the federal sentence, but has no authority to order the federal sentence to run concurrent with the state sentence. See, e.g., Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001).

Therefore, Defendant's § 2255 motion is denied as untimely and consecutive. Further, even if the Court considered the motion on the merits it would be denied. All other outstanding motions are denied. Further, the Court will not entertain any more motions on this subject from Defendant. Defendant's only recourse, not including *habeas corpus* relief under §2254, is to appeal this order.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#40) is **DENIED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED**.

DATED this 28th day of October 2016.

_____
Kent J. Dawson
United States District Judge