# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOSVANY RUZLOPEZ,

    Defendant.

Case No. 2:03-CR-512-KJD-RJJ

**ORDER**

    Presently before the Court is the Order (#53) of the Appellate Commissioner of the Ninth Circuit Court of Appeals directing the Court to grant or deny a certificate of appealability and stating the grounds for doing so. In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id.

In this action, the Court would deny a certificate of appealability. Defendant's Judgment (#14) was entered October 7, 2004. Concurrent sentence was not ordered, because there was no sentence to run it concurrently with. Plaintiff filed no appeals from the judgment. In 2014, Defendant began sending letters to the court requesting information about his sentence. On April 18, 2014, the Court notified (#20) Defendant that it had not ordered concurrent service of his time. The Court also notified Defendant that the Bureau of Prisons determines when a sentence begins service. Defendant then began filing motions for evidentiary hearings which the Court denied (#32) no later than January 29, 2015. The Court also denied Defendant's clearly untimely § 2255 motion at that time.

Rather than file an appeal or seek permission to file a Second or Successive § 2255 motion, Defendant again continued to seek an evidentiary hearing and filed another § 2255 motion (#40). The Court denied that motion on October 28, 2016. Defendant then waited until March 20, 2017 to file notice of appeal. No court could find debatable that the Court's determination that it had not ordered a concurrent sentence to run or that Defendant's multiple motions were untimely. Therefore, the Court denies a certificate of appealability.

DATED this 31st day of March 2017.

_____
Kent J. Dawson
United States District Judge